CRAWLEY, Judge,
dissenting.
Regardless of the legal designation one applies to the relationship between Jarrell and Wilks, the practical reality of what oc *1097 curred in this case is that Wilks acted as an employment agent or broker between Jarrell and Bender. Wilks placed Jarrell, an experienced shipfitter, with Bender, a shipbuilding and repair company. That practical reality should be central to deciding whether there are really any disputed issues of fact under each of the nine Ruiz factors.
The majority appears to agree that factors 1, 2, and 5 support borrowed employee status. It concedes that factor 3 (the employment contract naming Jarrell a Wilks employee only) is not determinative. That leaves factor 4 and factors 6-9 as areas in which the majority finds disputed questions of fact.
The majority concludes, for factor 4, supra at 1095, only that Jarrell may have acquiesced in the Bender work situation. I think Jarrell’s acquiescence is evident as a matter of law. Jarrell had no expectation, when he applied with Wilks, that he would be doing the work of Wilks. Even the majority recognizes, supra at 1095, that ‘Wilks’s business was to furnish employees to other companies and Jarrell was not engaged in that business.” To paraphrase our supreme court, “Jarrell applie[d] to [Wilks] for the specific purpose of temporary placement with [Bender] and thus necessarily agree[d] to a contract of hire with [Bender].” Gaut v. Medrano, 630 So.2d 362, 366 (Ala.1993) (emphasis added). See also Hicks v. Alabama Power Co., 623 So.2d 1050, 1054 (Ala.1993).
For factor 6, Wilks does not even contend that it furnished any of Jarrell’s tools. This factor clearly supports borrowed employee status.
For factor 7, the trial court concluded that Jarrell’s brief time of employment was a neutral factor. The majority finds that conclusion supported by relevant case law. Yet inexplicably, the majority determines that factor 7, “when taken together with all the other factors, weighs heavily in favor of Jar-rell.” (Emphasis added). I am at a loss to understand how a “neutral” factor can “weigh heavily.”
On factor 8, the majority states, “Bender had the right to discharge Jarrell from working at Bender, but it did not have the right to terminate Jarrell’s employment with Wilks. This may be enough to satisfy ... factor [8].” That is a misstatement of the law. The three cases cited by the majority hold that it is enough to satisfy factor 8.
For factor 9, the majority states that Bender “furnished the funds from which [Wilks] paid [Jarrell], and this is the determinative inquiry for this factor.” The majority then recites an irrelevant circumstance. If the court has already answered the “determinative inquiry,” then why mention — much less rely on — an irrelevant circumstance?
I dissent from the majority’s reversal of this summary judgment because I am convinced that, of the nine Ruiz factors, only one supports Jarrell’s contention that he was not a borrowed employee; one is neutral; and the other seven overwhelmingly support Bender’s argument that Jarrell was a borrowed employee. >